what would be reasonable compensation (*see* CPLR 5501 [c]; *Ellis v Emerson*, 57 AD3d 1435, 1436-1437 [2008]; *Gehrer v Eisner*, 19 AD3d 851, 852-853 [2005]; *Osiecki v Olympic Regional Dev. Auth.*, 256 AD2d 998 [1998]). The evidence, viewed in the light most favorable to plaintiffs, established that plaintiff sustained a cervical strain that resulted in, inter alia, chronic neck pain and headaches, limited range of motion in his neck, as well as difficulty in sleeping and in walking. In addition, the injury prevented plaintiff from returning to work for several months, and plaintiff was unable to enjoy many of the activities that he previously enjoyed, such as hunting, shooting, and attending his son's sporting events. Present—Centra, J.P., Fahey, Carni, Green and Gorski, JJ.

DEWEY R. BARROW et al., Respondents, v D.L. GORDON DUBOIS et al., Appellants. (Appeal No. 2.) [919 NYS2d 420]—

Present—Centra, J.P., Fahey, Carni, Green and Gorski, JJ.

KENNETH ASH, Respondent, v WINDOW SPECIALIST, INC., Appellant. (Appeal No. 1.) [919 NYS2d 418]—

Present—Centra, J.P., Fahey, Carni, Green and Gorski, JJ.

KENNETH ASH, Respondent, v WINDOW SPECIALIST, INC., Appellant. (Appeal No. 2.) [919 NYS2d 681]—